UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STANLEY and CONNIE C., Individually<br>and as Next Friends of M.C., a minor,<br>    Plaintiffs, | )<br>)<br>)<br>) |
| vs. | )   CAUSE NO: 1:07-CV-169-JTM |
| M.S.D. OF SOUTHWEST ALLEN<br>COUNTY SCHOOLS and GREEN-WEST<br>ALLEN SPECIAL EDUCATION<br>COOPERATIVE,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Supplement Administrative Record [DE 16], filed by Plaintiffs on September 5, 2007. Defendants filed a Response in Opposition on September 19, 2007, and Plaintiffs filed a Reply on September 26, 2007. The Court grants in part and denies in part the motion.

**PROCEDURAL BACKGROUND**

Plaintiffs Stanley and Connie C., individually and as next friends of M.C., a minor, have brought this action under the Individuals with Disabilities Education Act ("IDEA"). This case involves the review of an administrative due process hearing held pursuant to the IDEA that addressed the provision of special education to M.C. during the 2004-2005 and 2005-2006 school years.

Prior to the hearing, Plaintiffs submitted three volumes of evidence spanning over 1200 pages. The five-day hearing was held on November 27, 28, 29, and December 4, and 5, 2006. On January 31, 2007, the presiding Independent Hearing Officer ("IHO") rendered a 79- page decision

that found largely in favor of Defendants.  Plaintiffs appealed that decision to Indiana's three-member Board of Special Education Appeals ("BSEA").  Like the IHO, the BSEA is able to hear evidence if requested by the parties and deemed to be probative.  *See* 511 I.A.C. 7-30-4(l). Plaintiffs did not seek to submit any new evidence to the BSEA.  After a multi-hour oral argument, the BSEA rendered a 48-page written decision on June 14, 2007, largely affirming the IHO's Order. The resulting evidentiary record is now contained in approximately 20 volumes and spans thousands of pages. At all relevant times, Plaintiffs have been represented by counsel.

In the Complaint, Plaintiffs state that the IHO's Decision and Order is being appealed because of (a) the IHO's misapplication of important standards under the IDEA, (b) faulty credibility determinations, (c) errors in findings of fact, and (d) incorrect application of law to the facts. Plaintiffs further allege that the BSEA's ruling wrongly upheld the incorrect Decision and Order of the IHO.

## ANALYSIS

In the instant motion, Plaintiffs seek to supplement the record with (1) the March 2007 Individualized Education Program ("IEP") proposed by the School District subsequent to the hearing; (2) M.C.'s 2006 eighth grade Indiana Statewide Testing for Educational Progress ("ISTEP") scores; (3) the audiotape and full transcript of the January 20, 2006 case conference, the audiotape and full transcript of the March 15, 2006 case conference, and the audiotape and full transcript of the May 17, 2006 case conference; (4)  a prescription for occupational therapy that Plaintiffs had provided to the school at the school's request; (5) materials related to Project Read; (6) M.C.'s writing samples; and (7) a government publication.

The IDEA provides that a district court reviewing an appeal from an administrative decision "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B). Despite the "shall hear additional evidence" language of the statute, "appellate courts have construed the statute to provide district courts with discretion to determine whether to hear such evidence." *Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018, 1020 (E.D. Wis. 2004) (citing *Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293, 1298-99 (11th Cir. 2000) (discussing circuit court decisions)); *see also Monticello Sch. Dist. No. 25 v. George L. On Behalf of Brock L.*, 102 F.3d 895, 901-02 (7th Cir. 1996); *A.S. v. Madison Metro. Sch. Dist.*, 477 F. Supp. 2d 969, 972 (W.D. Wis. 2007).

Nevertheless, the Seventh Circuit Court of Appeals has cautioned that district courts should "be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." *Monticello*, 102 F.3d at 901 (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)); *see also Patricia P. v. Bd. of Educ. of Oak Park*, 203 F.3d 462, 470 (7th Cir. 2000); *Konkel*, 348 F. Supp. 2d at 1021; *H.H. ex rel Hough v. Indiana Bd. of Spec. Educ.*, No. 3:06-CV-551-TS, 2007 WL 2914461, at * 2 (N.D. Ind. Oct. 3, 2007). In other words, the district court is not "required to allow all evidence proffered by a plaintiff in an IDEA proceeding." *Patricia P.*, 203 F.3d at 470 (quoting *Monticello*, 102 F.3d at 901).

The court in *Konkel* further held that, based on the Seventh Circuit case law and the policy reasons set forth in the cases cited by the Seventh Circuit,

> a court should receive additional evidence at the judicial review stage of an IDEA proceeding only if the movant provides a particularized and compelling justification for doing so. This showing should include an explanation both as to why the evidence was not presented at the administrative level and why it is probative of the

3

>issues before the court.  Valid reasons for presenting supplemental evidence might
>include gaps in the hearing transcript owing to mechanical failure, the unavoidable
>absence at the hearing of an important witness, or the improper exclusion of relevant
>evidence by the hearing officer.

348 F. Supp. 2d at 1022; *see also Z.F. v. South Harrison Cmty. Sch. Corp.*, No. 4:04-CV-0073-DFH-WGH, 2005 WL 2373729, at *19 (S.D. Ind. Sept. 1, 2005).  An additional possible valid reason for admitting supplemental evidence is that the evidence concerns relevant events occurring subsequent to the administrative hearing.  *See Town of Burlington*, 736 F.2d at 790, cited in *R.B. v. Bartholomew Consolidated Sch. Corp.*, No. 1:03-CV-939-DFH, 2004 WL 1087367, at *1 (S.D. Ind. May 4, 2004). With this standard in mind, the Court considers the evidence Plaintiffs seek to introduce.

1.  March 2007 IEP

Subsequent to the administrative hearing, the School District proposed an IEP in March 2007 to implement the administrative hearing officer's decision.  Plaintiffs seek to present this IEP as evidence of the School District's interpretation of the hearing decision and to compare it to representations made in testimony during the administrative hearing concerning M.C.'s rate of progress and her educational and behavioral needs.  Plaintiffs further argue that the IEP does not satisfy the requirements of the hearing officer's order, although it was written with that purpose. Defendants argue that the consideration of this IEP is improper because it was drafted almost two years after the last IEP at issue and almost a year after the conclusion of the relevant time period (the end of the 2005-2006 school year).

Whether the March 2007 IEP complies with the IHO's order and how Defendants interpret the IHO's decision as reflected by the March 2007 IEP were not issues before the IHO and,

4

therefore, are not before the District Court for review on this appeal.  Therefore, the March 2007 IEP cannot be admitted for these reasons.  Although evidence of the post-hearing educational status of a child herself may shed light on the reasonableness of an IHO's earlier decision, *see Mr. and Mrs. I. v. Maine Sch. Admin. Dist.*, 2004 WL 2397402, at *2-3 (D. Me. Oct. 27, 2004) (citing *Bartholomew*, 2004 WL 1087367)); *Mavis v. Sobol*, 839 F. Supp. 968, 980 (N.D.N.Y. 1994), how a school interprets a hearing decision in the form of a new IEP is not appropriate for review on a hearing on a previous IEP, *see* 511 I.A.C. § 7-30-2(n) ("A complaint alleging a public agency's failure to implement a due process decision must be resolved by the Department of Education through the complaint process set forth in this section").

Plaintiffs' also argue that this newest IEP from March 2007 can be used to impeach representations made by Defendants during the administrative hearing by comparing the hearing representations with Defendants' interpretation of the IHO's decision through the March 2007 IEP. In *Z.F. v. Harrison Community School Corporation*, the plaintiffs sought to introduce evidence relating to a meeting between the parties that occurred after the administrative proceedings under review and during which the defendant school offered a therapy that the parents had been requesting but that the school had previously opposed.  2005 WL 2373729 at *19.  The plaintiffs hoped to demonstrate either that the school was offering a therapy that it felt was inappropriate for the student, as had been previously testified to, or that the school believed the therapy was appropriate but testified differently under oath. *Id.* at 20.  The court declined to accept the evidence, finding that it had no probative value for the issues before the IHO and the BSEA, because the evidence was too far removed in time from the administrative decision and because it involved only a suggestion by the district in the context of compromise negotiations while the plaintiffs' lawsuit was pending. *Id.*

5

In so holding, the court in *Harrison* distinguished its facts from those in *Brown v. Bartholomew Consolidated School Corporation*, in which the court admitted additional evidence proffered by the plaintiffs involving expert testimony of an autistic child's progress after a summer of intensive therapy and education because it may have been probative of the reasonableness of the administrative decision made only a few months earlier.

In this instant case, Plaintiffs seek to introduce an IEP created less than two months after the administrative hearing for the purpose of giving the Court a "complete picture" of M.C.'s educational status because the March 2007 IEP includes "progress on state testing, goals, and services" that the School believed appropriate for M.C. shortly after the hearing. *See* Pl. Reply Br., p. 4. In terms of its proximity in time to the administrative hearing, this evidence is like that in *Brown* in that it was created less than two months after the administrative hearing. However, like in *Harrison*, the evidence sought to be admitted here is not probative of the reasonableness of the administrative decision or else is duplicative of other admissible evidence based on the three reasons stated by Plaintiffs: progress on state testing, goals, and services. As for state testing, it appears that all relevant ISTEP scores will already be part of the administrative record as the Court is permitting Plaintiffs to supplement the record with M.C.'s eighth-grade ISTEP scores, as set forth below, and the other scores are already in the record. As for the "goals" and "services that the School believed appropriate for M.C. immediately after the hearing," once again, this evidence is not indicative of M.C.'s personal educational performance or progress within a reasonable temporal proximity to the hearing but rather is the school district's interpretation of the IHO decision as set forth in the IEP, which is not before the Court for review.

Finally, as to Plaintiffs' argument that there are inconsistencies between Defendants representations at the hearing and in the March 2007 IEP, Plaintiffs have offered no such examples. The Court finds that without evidence of any such statements and how they might shed light on the reasonableness of the IHO's decision, any probative value that may come about as a result of the admission of the March 2007 IEP is far outweighed by the confusion that may occur by injecting the IEP that is not fully being reviewed by the Court. Accordingly, the Court denies the motion as to the March 2007 IEP.

2. 2006 Eighth-Grade ISTEP Scores

Plaintiffs request leave of Court to supplement the record with M.C.'s eighth-grade ISTEP scores that were not available to M.C.'s parents until after the hearing. M.C. took the test prior to the administrative hearing, the results of the test were compiled during the administrative hearing, but Defendants did not give the test results to M.C.'s parents until after the hearing. Plaintiffs indicate that M.C.'s eighth grade ISTEP scores indicate a seventy-six point increase for her language arts score, which is relevant to M.C.'s progress and ability to learn. The administrative record currently contains M.C.'s ISTEP scores from sixth and seventh grades but not eighth grade.

Defendants object to the eighth-grade ISTEP being admitted because Defendants had submitted these scores to the BSEA, which refused to consider them on the basis that Defendants "did not seek permission to submit the additional evidence" and the IHO's "written decision was not based upon it." Defendants argue that because Plaintiffs did not attempt to submit this evidence to the BSEA and the evidence was previously excluded to Defendants' detriment, Plaintiffs should not be permitted to offer the same.

7

This score is directly relevant to M.C.'s educational status during the time period in question because the improvement in her language arts score reflects on the amount and rate of progress M.C. can make and to the appropriateness of the educational programming M.C. received during the 2004-2005 and 2005-2006 school years.  Just as the post-hearing evidence admitted by the court in *Bartholomew*, 2004 WL 1087367, related to the child's educational progress, these ISTEP results demonstrate M.C.'s *pre-hearing* educational progress.  The unavailability of the test results at the time of the hearing was beyond the control of Plaintiffs, and the Court finds that admitting the results now will permit the judicial review of the administrative decision without engaging in a trial *de novo*.  Finally, it is unclear why Defendants sought to have the BSEA consider M.C.'s eighth grade ISTEP results but now oppose their inclusion when so requested by Plaintiffs.  Accordingly, the Court grants the motion as to the 2006 eighth-grade ISTEP test.

3.  Audiotapes and Transcripts

Plaintiffs next seek to supplement the administrative record with the audiotapes and full transcripts of case conferences held on January 20, 2006, March 15, 2006, and May 17, 2006.  During the administrative hearing before the IHO, witnesses for Defendants testified about these case conferences using the School District's "summary notes" of the conferences.  Defendants did not offer the transcripts of the conferences during the hearing.  Plaintiffs argue that Defendants specifically excluded portions of the tape recordings of the case conferences that are unfavorable to the School District and that this incomplete presentation of the conferences is contrary to Federal Rule of Evidence 106 and the Doctrine of Completeness.  Plaintiffs further contend that the excluded portions of the tape recorded conferences are relevant to Plaintiffs' claim concerning the provision

8

of related services to M.C. and will assist the Court to determine that M.D.'s parents did not reject related services but rather requested or would have accepted such services if offered by Defendants.

Defendants had previously produced the audiotapes of the conferences to Plaintiffs but had not disclosed the "summary notes" to Plaintiffs until five days before the hearing, which was the disclosure date by which the parties were to simultaneously exchange evidence pursuant to the IHO's order dated October 21, 2006. Plaintiffs did not submit the audiotapes or transcripts by the deadline, but Plaintiffs did raise the possibility of submitting these items with the IHO during the course of the hearing. The IHO denied Plaintiffs' request on the basis that it was untimely and that to allow the late admission of some items for Plaintiffs would require that Defendants be allowed to supplement the record, which could render the hearing unmanageable.[1]

As an initial matter, Defendants did not offer any notes from the March 15, 2006 meeting. Therefore, the audiotapes and transcript of the March 15, 2006 meeting are irrelevant, and the Court denies the motion as to that transcript. Second, Defendants did not offer the transcripts of any of the conferences into evidence at the administrative hearing, therefore, Defendants cannot be accused of having offered only favorable portions of the printed "transcripts."

In support of their argument that the IHO abused his discretion in failing to admit the transcripts, Plaintiffs offer three examples of how the transcript of the January 20, 2006 conference is different than what Plaintiffs represent Defendants argued at the hearing. Although Plaintiffs reference Defendants' "arguments" through testimony at the hearing, Plaintiffs have not

---

[1] In response to the instant motion, Defendants indeed request that they be permitted to submit rebuttal evidence declined by the IHO should Plaintiffs be permitted to supplement the record with this evidence. On page 6 of their Response Brief, Defendants request that, if the Court permits the transcripts to be admitted, they request permission to submit documents in rebuttal that it offered and the IHO declined to consider. Because this request is not properly made in a motion, the Court declines to address this request in the context of the instant motion.

9

demonstrated that these arguments were based on the "summary notes" or that the "summary notes" were read from during the testimony. In other words, Plaintiffs may now find in hindsight that there is evidence in the conference transcripts that is useful for rebutting a variety of arguments made by Defendants at the hearing, but that reason for seeking inclusion of the transcripts now would be insufficient; inclusion now may be appropriate only if there are specific, identifiable instances of the "summary notes" from the specific sections of conference transcripts now sought to be admitted by Plaintiffs (those sections quoted in Plaintiffs' reply brief) being utilized during the administrative hearing in support of Defendants position. If the "summary notes" were used in this way during the administrative hearing, Plaintiffs would have been prejudiced at the hearing because they were not aware of the "summary notes" prior to the simultaneous exchange of exhibits five days before the hearing and, thus, would not have been on notice to submit the complete conference transcripts. If the "summary notes" were relied on by Defendants in their favor for those portions of the conferences that also contain statements favorable to Plaintiffs, the IHO may have improperly excluded that specific evidence. However, based on the representations in the motion and the reply brief, the Court finds that Plaintiffs have not sufficiently demonstrated that the IHO improperly refused to admit what may have been relevant evidence because Plaintiffs have only stated Defendants' "arguments" during the administrative hearing but have not identified any specific portions of the "summary notes" that correlate with the portions of the hearing transcripts for which Plaintiffs now seek admission

Accordingly, the Court denies without prejudice Plaintiffs' motion as to the January 20, 2006 and May 17, 2006 conference audiotapes and transcripts. The Court grants Plaintiffs leave to file an amended motion as to the January 20, 2006 and May 17, 2006 conference audiotapes and

transcripts only and orders that any such amended motion must specifically quote (1) the language in the "summary notes" that is allegedly inconsistent with other portions of the conference transcripts (as opposed to generic statements about arguments made by Defendants at the administrative hearing) and (2) the corresponding portions of the conference transcripts, providing the Court in the body of the motion with (1) the text of the "summary notes" and their location in the administrative record and (2) with the text of the corresponding portions of the transcripts.

4.  Prescription for Occupational Therapy

As an exhibit to the administrative record, Defendants submitted a request made to M.C.'s parents for a physician's prescription for occupational therapy. Plaintiffs now seek to supplement the record with the prescription for therapy that they provided to the school in response to the request but that the school did not include in its exhibit. Plaintiffs argue that inclusion of the prescription ensures fairness in the record, provides a complete record that M.C.'s parents did cooperate with this request necessary for therapy, and prevents the Court from being misled. Plaintiffs further argue that the prescription is relevant to Plaintiffs' claims regarding provision of related services and is relevant to Defendants' affirmative defense. Defendants oppose admitting the prescription on the basis that Plaintiffs have not articulated why this evidence was not submitted at the administrative hearing or the administrative appeal and that Plaintiffs should not now be permitted to "patch up" holes in their administrative case through this federal appeal. Plaintiffs have not offered any explanation as to why this prescription was not submitted during the administrative hearing or the administrative appeal. Accordingly, the Court denies Plaintiffs' request to supplement the record with the prescription.

5. Project Read

Plaintiffs represent that Defendants presented phonology materials during the administrative hearing represented to be Project Read. Plaintiffs now seek to introduce additional writings that describe the Project Read program when used appropriately and in its entirety so that the Defendants' exhibit will not be taken out of context and will not be incomplete and misleading. Plaintiffs argue that this proposed exhibit is relevant and will assist the Court when addressing Plaintiffs' claims regarding Defendants' failure to utilize scientifically-based instruction methods. Defendants do not provide a specific response to the proposed Project Read documents but argue generally that Plaintiffs should not be permitted to supplement the record with evidence that was previously available and was not offered during the course of the administrative process and that Plaintiffs have not offered a particularized and compelling justification for the admission of this evidence.

Plaintiffs respond that they had no notice that Defendants would claim to have used Project Read methodology with M.C. and, therefore, had no opportunity to submit information about Project Read given the simultaneous disclosure date. Although this is sound reasoning for Plaintiffs not disclosing Project Read documents by the simultaneous disclosure date, it does not explain why Plaintiffs did not seek to introduce these documents during the course of the administrative hearing or on administrative appeal. Plaintiffs do argue that the use by Defendants of Project Read material constitutes a trial by ambush (or perhaps more aptly an "administrative hearing by ambush") because Defendants' answer to the due process complaint filed by Plaintiffs did not mention Project Read and because the first time Plaintiffs learned that Defendants claimed to have used Project Read with M.C. was during the administrative hearing. Again, Plaintiffs were surely aware of the materials

12

offered by Defendants once they were "ambushed" during the hearing, but Plaintiffs have not argued that they attempted to admit the Project Read evidence before the IHO to counter Defendants' arguments. Nor is there any assertion in the briefing before this Court that Plaintiffs sought to introduce Project Read evidence at the hearing but that the IHO improperly excluded any such relevant evidence. This is an example of Plaintiffs attempting to now do in federal court what should have been done during the administrative process. The Court denies Plaintiffs' motion to supplement as to the Project Read documents.

6. Writing Samples

Plaintiffs assert that, as part of the administrative record, Defendants submitted various school assignments purportedly completed by M.C. as well as a one of M.C.'s writings about school. Plaintiffs seek to supplement the school work in the administrative record with two of M.C.'s writing samples created during the relevant time period and before October 25, 2006, which they argue are relevant to the appropriateness of M.C.'s educational placement, both academically and socially, and will help provide the Court with a fair and balanced understanding of M.C.'s academic and social needs and of her social experiences at school. Plaintiffs do not seek to admit these writing samples as handwriting samples but rather for their substance concerning M.C.'s socialization at school. Defendants object to the writing samples because they should have been offered during the administrative hearing and Plaintiffs have not offered a justification for the late submission of the samples.

Again, Plaintiffs have not offered any justification to this Court for not offering this allegedly relevant evidence, which existed and was available, during the course of the administrative

13

proceedings, nor have Plaintiffs argued that they offered the evidence and that the IHO improperly excluded the evidence. Accordingly, the Court denies Plaintiffs' motion to the extent it seeks admission of the proposed writing samples.

7. Government Publication

Plaintiffs seek to introduce the United States Department of Education's publication: "Identifying and Implementing Educational Practices Supported by Rigorous Evidence: A User Friendly Guide" ("Guide"), dated December 2003. Plaintiffs argue that, despite the administrative hearing officer's confusion and lack of knowledge as to the research-based practice requirements of the IDEA and the No Child Left Behind Act, the Guide indicates that guidance exists as to what educational practices are peer-reviewed, scientifically-based teaching methods. Plaintiffs further explain that this government publication is relevant to Plaintiffs' claims that Defendants did not provide M.C. with scientifically based instruction and to their claims regarding hearing officer error. Defendants offer no specific argument in opposition to this evidence other than the generic broad assertion that it should have been offered during the administrative process and that Plaintiffs have not offered a justification for why it was not. In contrast with the other pre-existing evidence that Plaintiffs did not introduce at the hearing but that Plaintiffs now seek to admit in this federal appeal, this government publication is not offered to rebut arguments raised by Defendants during the hearing but rather goes to reviewing the findings and conclusions reached in the state administrative proceeding. Accordingly, the Court grants the motion to supplement the record as to this government publication.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion to Supplement Administrative Record [DE 16]. The Court **ORDERS** that Plaintiffs are granted leave to supplement the administrative record in this case with (1) M.C.'s 2006 eighth-grade ISTEP and (2) the United States Department of Education's publication: "Identifying and Implementing Educational Practices Supported by Rigorous Evidence: A User Friendly Guide," dated December 2003.

The Court further **GRANTS** Plaintiffs up to and including **January 5, 2008**, in which to file an amended motion to supplement as to the January 20, 2006 and May 17, 2006 conference transcripts consistent with the limitations and instructions set forth in the body of this Order. Defendants shall have up to and including **January 16, 2008**, to file a response, and Plaintiffs shall have up to and including **January 19, 2008**, to file a reply.

SO ORDERED this 14th day of December, 2007.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record