**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| STANLEY and CONNIE C., Individually | ) | |
| and as Next Friends of M.C., a minor, | ) | |
| Plaintiffs, | ) | |
| | ) | CAUSE NO: 1:07-CV-169-PRC |
| vs. | ) | |
| | ) | |
| M.S.D. OF SOUTHWEST ALLEN | ) | |
| COUNTY SCHOOLS and GREEN-WEST | ) | |
| ALLEN SPECIAL EDUCATION | ) | |
| COOPERATIVE, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Strike Portions of Plaintiffs' Amended Complaint Pursuant to F.R.C.P. 12(f) [DE 54], filed by Defendants on December 20, 2007. Plaintiffs filed a Response on January 2, 2008, and Defendants filed a Reply on January 2, 2008.

Plaintiffs' Amended Complaint seeks review of the January 31, 2007 administrative ruling of an Independent Hearing Officer ("IHO") related to M.C.'s education. In March 2007, the School convened a case conference committee meeting to review the IHO's Order and create an IEP based upon it.

On September 5, 2007, Plaintiffs filed a Motion to Supplement Administrative Record, seeking to add to the record *inter alia* the IEP that was drafted at the March 2007 case conference committee meeting.

On December 10, 2007, Plaintiffs filed their Amended Complaint. Paragraphs 53-61 of the Amended Complaint allege facts regarding deficiencies in the March 2007 IEP and the meetings related to the March 2007 IEP.

On December 14, 2007, the Court denied the Motion to Supplement Administrative Record as to the March 2007 IEP, holding that "[w]hether the March 2007 IEP complies with the IHO's order and how Defendants interpret the IHO's decision as reflected by the March 2007 IEP were not issues before the IHO and, therefore, are not before the District Court for review on this appeal." Dec. 14, 2007 Order [DE 52], p. 4-5.  Moreover, the Court held that "any probative value that may come about as a result of the admission of the March 2007 IEP is far outweighed by the confusion that may occur by injecting the IEP that is not fully being reviewed by the Court."  *Id.* at p.7.

As a result of the Court's denial of Plaintiffs' request to supplement the administrative record with the March 2007 IEP, Defendants now seek an order of the Court striking paragraphs 53 through 61 of Plaintiffs' Amended Complaint on the basis that they are immaterial and impertinent.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading . . . any redundant, immaterial, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay."  *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  "[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind.1990), cited in *Vician v. Wells Fargo Home Mortgage*, No. 2:05-CV-144,  2006 WL 694740, *10 (N.D. Ind. Mar. 16, 2006); *see also Cumis Ins. Soc'y Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997).

In response, Plaintiffs argue that these allegations are material to their challenge of the IHO's January 2007 hearing decision.  First, Plaintiffs explain that paragraphs 53-61 allege that when

2

writing the March 2007 IEP following the administrative hearing, Defendants failed to specify minutes of occupational therapy M.C. would receive from the school, failed to provide for vision therapy, failed to provide physical therapy to M.C., provided for only minimal speech therapy, failed to provide a social skills intervention plan, failed to evaluate M.C.'s present levels of performance, failed to provide a behavior plan for M.C., and failed to review M.C.'s needs for assistive technology.   Plaintiffs then reason that these paragraphs are relevant because throughout Defendants' Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, Defendants allege that they offered services to M.C.'s parents who then rejected those services and the March 2007 IEP demonstrates that Defendants failed to offer these services to M.C. even after being ordered to do so by the hearing officer.  Plaintiffs maintain that these allegations are material and pertinent notwithstanding the Court's exclusion of the March 2007 IEP from the administrative record.  Finally, Plaintiffs argue that Defendants have not stated any specific material prejudice that would result if the allegations remain in the Complaint.

In this instance, the allegations in paragraphs 53-61 are related and pertinent, albeit thinly, to the claims in Plaintiffs' Complaint.  Although it is difficult for the Court to envision how Plaintiffs could advance any argument based on these allegations given that the Court has denied Plaintiffs' request to supplement the record with the March 2007 IEP, the Court cannot say with certainty that these issues are now outside of the case entirely.  The number of challenged paragraphs is not so great as to create material prejudice to Defendants in answering these.  Nor should these allegations cause any confusion of the issues or prejudice to Defendants because Plaintiffs will be limited to making their arguments related to whether Defendants offered services

to M.C. that can be supported by the evidence of record.  This is not an instance in which the allegations are so unrelated and prejudicial that the Court will engage in editing the Complaint.

Accordingly, the Court **DENIES** Defendants' Motion to Strike Portions of Plaintiffs' Amended Complaint Pursuant to F.R.C.P. 12(f) [DE 54].

SO ORDERED this 4th day of January, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record