UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STANLEY and CONNIE C., ) | | |
| Individually and as Next Friends ) | | |
| of M.C., a Minor, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | CAUSE NO.: 1:07-CV-169-PRC | |
| ) | | |
| MSD OF SOUTHWEST ALLEN ) | | |
| COUNTY SCHOOLS and ) | | |
| GREEN-WEST ALLEN SPECIAL ) | | |
| EDUCATION COOPERATIVE, ) | | |
| ) | | |
| Defendants. ) | | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [DE 61], filed by Plaintiffs Stanley and Connie C., individually and as next friends of M.C., a minor, on January 3, 2008.  Defendants M.S.D. of Southwest Allen County Schools and Green-West Allen Special Education Cooperative filed a response to this motion on January 9, 2008, and Plaintiffs filed a reply on January 15, 2008.  In the instant motion, Plaintiffs ask the Court to strike Defendants' seven affirmative defenses either because they are bare bones conclusory statements that do not allege the elements of the defense or because the defenses are not cognizable under the IDEA.

On July 12, 2007, Plaintiffs filed a Complaint in this matter.  On August 1, 2007, Defendants filed an Answer and Affirmative Defenses.  Plaintiffs filed an Amended Complaint on December 10, 2007, with leave of Court.  On December 20, 2007, Defendants filed a Rule 12(f) Motion to Strike Portions of the Amended Complaint and filed an Answer, except as to those claims subject

to the Motion to Strike, and Affirmative Defenses.  The Court denied Defendants' Motion to Strike on January 4, 2008, and Defendants filed an Answer to Paragraphs 53-61.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading . . . any redundant, immaterial, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay."  *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).   "[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind.1990), cited in *Vician v. Wells Fargo Home Mortgage*, No. 2:05-CV-144,  2006 WL 694740, *10 (N.D. Ind. Mar. 16, 2006); *see also Cumis Ins. Soc'y Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997).

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings."  *Williams v. Jader Fuel* Co., 994 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller*, 883 F.2d at 1294).  As pleadings, affirmative defenses are subject to the pleading requirements of Federal Rule of Civil Procedure 8(a), and, thus, the defenses must set forth a "short and plain statement."  *Id*.  The Court will consider each of the Affirmative Defenses in turn.

**1.  Affirmative Defense No. 1**

> Affirmative Defense No. 1: Some of Plaintiffs' claims are barred as they have failed to exhaust their administrative remedies.

Plaintiffs argue that the defense is insufficient because it does not put Plaintiffs on notice, either in the defense statement, or in the body of the Answer, as to which claims Defendants believe

2

to be barred. However, the Answer does put Plaintiffs on notice of the claims Defendants believe to be barred by the statute of limitations, as Defendants indicate in paragraph 71 of the School's Answer that "many of the issues raised in the foregoing paragraph were not issues before the IHO." Accordingly, the Court denies the motion as to Affirmative Defense No. 1.

Plaintiffs raise a concern that discovery may be necessary to "flesh out" the meaning of this and other affirmative defenses. As agreed to by the parties at the Rule 16(b) preliminary pretrial conference held before the Court on January 10, 2008, should discovery become necessary, parties' counsel may file a motion for leave of Court to conduct any such discovery.

**2. Affirmative Defense No. 2**

> Affirmative Defense No. 2: Some or all of Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches as Plaintiffs: 1) actively sought or specifically agreed to the placement and/or services about which they complain; and/or 2) specifically rejected the placement and/or services they claim to have been denied.

In this defense, Defendants assert that "some or all" of Plaintiffs' claims are barred by "waiver, estoppel and/or laches" and then go on to give two factual bases for the defenses. Therefore, Defendants have pled more than "bare bones conclusory allegations" and have met the standard of Rule 8. To the extent that Plaintiffs argue in their reply that the defense is legally insufficient, the Court declines to address the merits of the defense on this motion to strike. *See Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245. The Court denies the motion as to Affirmative Defense No. 2.

3

### 3. Affirmative Defense No. 3

>Affirmative Defense No. 3: Some or all of Plaintiffs' claims are barred by the Eleventh Amendment of the United States Constitution.

Plaintiffs argue that this affirmative defense is not a cognizable defense because, even assuming that either Defendant in this case could have the protections of the state, the IDEA provides that "a state shall not be immune under the Eleventh Amendment to the Constitution of the United States from suit in Federal Court for a violation of this chapter." Pl. Br., p. 3 (quoting 20 U.S.C. § 1403(a)). Defendants argue that, although the current state of the law in this circuit is that a public school is not immune from suit under the IDEA, Defendants seek the opportunity to make a good faith argument for a change in the law. Accordingly, the Court denies the motion as to Affirmative Defense No. 3.

### 4. Affirmative Defenses Nos. 4-6

>Affirmative Defense No. 4: Plaintiffs are barred from seeking attorneys' fees and costs in this action as they did not prevail in the underlying proceeding.
>
>Affirmative Defense No. 5: Plaintiffs are barred from seeking attorneys' fees and costs in this action for services performed subsequent to the time that the School made an offer of settlement, more than ten calendar days before the underlying proceeding began, where the relief finally obtained was not more favorable than the terms of the offer.
>
>Affirmative Defense No. 6: Plaintiffs are barred from seeking attorneys' fees and costs in this action for services performed in regard to M.C.'s "stay put" placement.

Plaintiffs argue that Affirmative Defenses 4-6 are not an accurate statement of the law regarding attorney fee awards under the IDEA. Plaintiffs argue that the prevailing parent determination as to an award of attorneys' fees does not end at the conclusion of the administrative process but also applies to a parent that ultimately prevails in a case as well, citing 20 U.S.C. § 1415(i)(3); *School Committee of the Town of Burlington v. Massachusetts Department of Education*,

4

471 U.S. 359, 368 (1985). As to Affirmative Defenses Nos. 4 and 5, Defendants argue that these defenses are applicable to Plaintiffs' claim that they prevailed at the underlying proceeding and that, in the event the underlying decisions were modified at some point in the future, Defendants could invoke the defenses. Because any determination of an award of attorneys fees will be made by the Court at the conclusion of these proceedings, the Court declines to address the substance of the issue on the instant motion to strike and denies the motion as to Affirmative Defenses 4 and 5. Plaintiffs do not specifically address Affirmative Defense No. 6, and, therefore, the Court denies the motion as to Affirmative Defense No. 6 as well.

**7. Affirmative Defense No. 7**

> Affirmative Defense No. 7: Plaintiffs'[sic] fail to state a claim upon which relief may be granted.

Plaintiffs argue only that Defendants' conclusory assertion that Plaintiffs have failed to state a claim for relief must be stricken because Defendants have not followed the Court's procedures under Local Rule 7.1(c) for filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 and because a Rule 12(b)(6) motion to dismiss was not made before Defendants answered the Complaint. Federal Rule of Civil Procedure 12(h)(2) provides that a defense of "[f]ailure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Accordingly, the court denies the Motion to Strike as to Affirmative Defense No. 7.

## CONCLUSION

Based on the foregoing and in the interests of justice and of proceeding on the merits of the case, the Court hereby **DENIES** the Motion to Strike Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [DE 61].

SO ORDERED this 24th day of January, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record