UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STANLEY and CONNIE C., Individually and as Next Friends of M.C., a minor, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO: 1:07-CV-169-PRC |
| M.S.D. OF SOUTHWEST ALLEN COUNTY SCHOOLS and GREEN-WEST ALLEN SPECIAL EDUCATION COOPERATIVE, Defendants. | ) ) ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Portions of Defendants' Brief in Support of Its Motion for Summary Judgment [DE 125], filed by Plaintiffs on June 13, 2008. Defendants filed a Response on June 17, 2008. Plaintiffs did not file a Reply, and the time to do so has passed.

This matter is also before the Court on a Motion to Strike Defendants' Reply Brief Pursuant to Fed. R. Civ. P. 12(f) [DE 137], filed by Plaintiffs on July 8, 2008. Defendants filed a Response on July 14, 2008, and Plaintiffs filed a Reply on July 21, 2008.

The Court will consider each in turn.

**A. Motion to Strike Portions of Defendants'
Brief in Support of Its Motion for Summary Judgment**

In this motion, Plaintiffs argue that Defendants have violated Northern District of Indiana Local Rule 5.1 because Defendants' Brief in Support of Its Motion for Summary Judgment includes five pages of singled-spaced text containing argument at pages 39-43 and single-spaced argument at pages 35-37. Plaintiffs also argue that, "[i]n addition to stating 'facts' with no citation to the

record and not preparing a consolidated statement of facts, Defendants fail to use the format required by Local [Rule 56.1]." Pl. Br., p. 2.

Defendants acknowledge that they used a singled-spaced list and chart in their brief at the pages indicated by Plaintiffs but respond that they did not intend to circumvent the rules by using single spacing and instead were trying to "convey information to the Court as clearly and efficiently as possible." Def. Br., p. 3. Defendants also note that, if they had been concerned about the page limitations, they could have moved their six-page Statement of Material Facts, currently within the body of the brief, to an appendix pursuant to Local Rule 56.1(a), which then would not have counted toward the page limitation under Local Rule 7.1(d). On this basis, Defendants ask for a variance from Rule 5.1 in this instance. In the alternative, Defendants ask to be permitted to refile the same information in a reformatted document. In support, in the form of exhibits to the instant response brief, Defendants offer (1) a reformatted 57-page "Defendants' Brief in Support of Its Motion for Summary Judgment" with the offending single-spaced text presented as double-spaced text and the "Statement of Material Facts" previously found in Section IV removed and (2) an "Appendix 'A' Section IV: Statement of Material Facts" that would be an Appendix to the reformatted brief and contains the section entitled "Statement of Material Facts" that was previously located in Section IV within the body of the original brief.

Local Rule 5.1(a) provides that "[a]ll filings shall be . . . double spaced, except for headings, footnotes and quoted material." N.D. Ind. L.R. 5.1(a). Local Rule 56.1(a) provides, in relevant part:

> In the text of the supporting brief or an appendix thereto, filed in support of a motion for summary judgment pursuant to Local Rule 7.1, there shall be a "Statement of Material Facts," supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence, as to which the moving party contends there is no genuine issue.

N.D. Ind. L.R. 56.1(a). Defendants have violated Local Rule 5.1(a) by single spacing material other than that permitted under the Rule. As for Rule 56.1, Defendants correctly included a separate "Statement of Material Facts" as required by Local Rule 56.1(a) and incorporated the statement in the text of their supporting brief as allowed by Local Rule 56.1(a). To the extent that Defendants have alleged uncited or unsupported facts in their brief, they will not be considered because the Court will rely only on those facts established by admissible evidence when ruling on the motions for summary judgment.

Because the Court prefers to rule on the merits rather than to exalt form over substance, the Court grants Plaintiff's motion to strike but offers relief different than that requested. Because Defendants have violated Local Rule 5.1(a), the Court strikes "Defendants Brief in Support of Its Motion for Summary Judgment" [DE 118] and orders Defendants to file the reformatted "Defendants' Brief in Support of Its Motion for Summary Judgment" and the proposed "Appendix 'A' Statement of Material Facts," both currently on the record as Exhibits to Defendants' instant response brief. Defendants reformatted brief shall contain no new material from the original Brief [DE 118] and shall redraft only the format and not the substance of their Brief and Statement of Material Facts. Therefore, no additional response brief in opposition to summary judgment or statement of genuine issues shall be filed by Plaintiff.

**B. Motion to Strike Defendants' Reply Brief Pursuant to Fed. R. Civ. P. 12(f)**

In this motion to strike, Plaintiffs ask the Court to strike Defendants' Reply Brief in support of their Motion for Summary Judgment, arguing that it is untimely under Local Rule 56.1 and the Federal Rules of Civil Procedure as it was filed more than fifteen days after Plaintiffs filed their

3

Response Brief. The Defendants' reply brief was not untimely filed pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Indiana.

Local Rule 56.1(a) requires that a response in opposition to a motion for summary judgment be filed within thirty days from the date the motion was served on the opposing party, and a reply brief must be filed within fifteen days from the date the response is served on the moving party. *See* N.D. Ind. L.R. 56.1(a).

Federal Rule of Civil Procedure 6(d) provides that "3 days are added" to this time period when service is made under Federal Rule of Civil Procedure 5(b)(2)(E). Fed. R. Civ. P. 6(d).[1] Rule 5(b)(2)(E) allows for electronic service: "A paper is served under this rule by . . . sending it by electronic means if the person consented in writing–in which event service is complete upon transmission, . . . ." Fed. R. Civ. P. 5(b)(2)(E). Federal Rule of Civil Procedure 5(b)(3) defines one form of service by "electronic means": "If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." Fed. R. Civ. P. 5(b)(3). The Local Rules of the Northern District of Indiana "so authorize" service by electronic means under Rules 5(b)(2)(E) and 5(b)(3) because the Local Rules provide that a party may use the Court's transmission facilities to effect service by electronic means. *See* N.D. Ind. L.R. 5.7.[2] "Transmission of the Notice

---

[1] The Federal Rules of Civil Procedure were amended effective December 1, 2007. Therefore, the amended rules are applicable to the service and timeliness of the instant documents, and the current version of the Rules should be cited.
   Federal Rule of Civil Procedure 6(d) provides: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Federal Rule of Civil Procedure 6(a) addresses the computation of time for "any period specified in these rules or in any local rule, court order, or statute." Fed. R. Civ. P. 6(a).

[2] Local Rule 5.7 provides:
   Documents may be served through the court's transmission facilities by electronic means to the extent and in the manner authorized by the CM/ECF User Manual approved by the court. Transmission of

4

of Electronic Filing through the court's transmission facilities constitutes service of the filed document upon each party in the case who is registered as a Filing User." *Id*. Therefore, the additional three days allowed under Rule 6(d) is applicable to documents served through the electronic transmission facilities (CM/ECF) in the United States District Court for the Northern District of Indiana. As for the instant motion, counsel for Plaintiffs and counsel for Defendants in this case are all registered as Filing Users; therefore, the three additional days under Rule 6(d) applies to documents served by electronic means in this case.

In addition, when the last day of a time period under the Local Rules is a Saturday, Sunday, or legal holiday, the last day is excluded, and "the period runs until the end of the next day that is not a Saturday, Sunday, [or] legal holiday." *See* Fed. R. Civ. P. 6(a)(3). Independence Day constitutes a "legal holiday." *See* Fed. R. Civ. P. 6(a)(4)(A).

In this case, Plaintiffs and Defendants each filed and served a Motion for Summary Judgment on May 15, 2008. Plaintiff and Defendants each filed and served their respective Response Briefs on June 16, 2008, which was thirty-two days after the service of the Motion for Summary Judgments because the thirtieth day, June 14, 2008, was a Saturday. Plaintiffs filed and served their Reply Brief in support of their Motion for Summary Judgment on July 1, 2008, fifteen days after Defendants served their Response Brief. However, Defendants did not file and serve their Reply Brief in support of their Motion for Summary Judgment until July 7, 2008, twenty-one days after Plaintiff's served their Response Brief.

---

the Notice of Electronic Filing through the court's transmission facilities constitutes service of the filed document upon each party in the case who is registered as a Filing User. Any other party or parties shall be served documents according to these Local Rules and either the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.
N.D. Ind. L.R. 5.7.

Defendants' Reply Brief is timely because Defendants were entitled to the three days allowed under Rule 6(d) in addition to the fifteen days set forth in Local Rule 56.1(a), which made the Reply Brief due on Friday, July 4, 2008, eighteen days after the response brief was served. Because July 4, 2008, Independence Day, was a legal holiday and fell on a Friday, the first day after the excludable Saturday, July 5, and Sunday, July 6, was Monday, July 7, 2008.

Plaintiffs also argue that they are prejudiced by Defendants' "untimely" Reply Brief, which Plaintiffs characterize as a "sur-reply" because Plaintiffs filed their Reply Brief in support of their Motion for Summary Judgment on July 1, 2008, and Defendants did not file their Reply Brief until six days later on July 7, 2008. Therefore, Plaintiffs reason that Defendants impermissibly benefitted from Plaintiffs' earlier filed Reply Brief. First, Defendants motion was not untimely, as set forth above. In addition, having reviewed the briefs, the Court finds that Defendants' Reply Brief does not constitute a sur-reply to Plaintiffs' Motion for Summary Judgment and that Plaintiffs have not been prejudiced by the staggered briefing.

Accordingly, Plaintiffs' motion is denied.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion to Strike Portions of Defendants' Brief in Support of Its Motion for Summary Judgment [DE 125] but orders relief different than that requested. Because Defendants have violated Local Rule 5.1(a), the Court **STRIKES** "Defendants' Brief in Support of Its Motion for Summary Judgment" [DE 118] and **ORDERS** Defendants to **FILE** on or before **August 14, 2008**, the reformatted "Defendants' Brief in Support of Its Motion for Summary Judgment" and the proposed "Appendix 'A' Statement of Material Facts," both currently on the record as exhibits to the Defendants' response in opposition to this motion to strike.

6

Defendants' reformatted Brief and Appendix shall contain no new material from the original Brief [DE 118] and shall redraft only the format and not the substance of the Brief and Statement of Material Facts. Therefore, no additional response brief in opposition to summary judgment or statement of genuine issues shall be filed by Plaintiffs.

The Court also **DENIES** the Motion to Strike Defendants' Reply Brief Pursuant to Fed. R. Civ. P. 12(f) [DE 137] on the basis that Defendants' Reply Brief was not untimely.

So ORDERED this 8th day of August, 2008.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record